Todd Maybrown (WSBA #18557)                          Hon. Jamal N. Whitehead
Todd@ahmlawyers.com
ALLEN, HANSEN, MAYBROWN & OFFENBECHER PS
600 University Street, Suite 3020
Seattle, WA 98101
Telephone: (206) 447-9681
Facsimile: (206) 447-0839

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

JOHN RYAN,

           Defendant.

NO. CR24-213-JNW

DEFENDANT JOHN RYAN'S
MEMORANDUM REGARDING
RESTITUTION

## **INTRODUCTION**

As part of his plea agreement, John Ryan agreed to make restitution in the amount of $891,097.71 with the understanding this amount might be adjusted prior to sentencing. In early 2025, Mr. Ryan made an initial payment of $88,545.75 (*see PSR ¶ 5*) and he intends to make an additional payment shortly after the sentencing hearing.

The Government has presented evidence to confirm the total restitution amount in this case of $830,605.66 – with $565,445.66 paid to the primary victim (identified as "V1") and $265,160.00 paid to the primary victim's insurance company (identified as "V2"). *See Dkt. 53.*

*DEFENDANT'S MEMO RE: RESTITUTION – 1*
<u>*(United States v. Ryan*</u>, *No. CR24-00213-JNW)*

**Allen, Hansen, Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

1  Mr. Ryan has no objection to the Government's request, although the restitution order should

2  confirm that all payments should first be paid to the primary victim in this case.

3                                              **<u>DISCUSSION</u>**

4          The provisions of the Mandatory Victim Restitution Act of 1996 ("MVRA") apply to this

5  offence.  *See generally* 18 U.S.C. § 3663A.  Under the MVRA, restitution "may only compensate

6  a victim for actual losses caused by the defendant's criminal conduct."  *United States v. Gaytan*,

7  342 F.3d 1010, 1011 (9th Cir. 2003).  Thus, "restitution may be awarded only for losses for

8  which the defendant's conduct was an actual *and* proximate cause."  *United States v. Swor*, 728

9  F.3d 971, 974 (9th Cir. 2013) (finding victim's loss too attenuated when defendant

10  "introduce[ed] two people . . . in the course of carrying out a fraudulent scheme, [and] the two

11  later, and independently, became involved in a separate, operationally different fraudulent

12  scheme"); *see also United States v. Follet*, 269 F.3d 996, 999-1001 (9th Cir. 2001) (holding that

13  a crisis center's costs for counseling a rape victim were too attenuated to be included in the rape

14  defendant's restitution order).

15          "The burden of demonstrating the amount of the loss sustained by a victim as a result

16  of the offense shall be on the attorney for the Government."  18 U.S.C. § 3664(e).  "Any dispute

17  as to the proper amount or type of restitution shall be resolved by the court by the preponderance

18  of the evidence."  *Id.*  "In resolving such a dispute, the district court must rely on 'evidence that

19  possesses sufficient indicia of reliability to support its probable accuracy.'" *United States v.*

20  *Dadyan*, 76 F.4th 955, 960 (9th Cir. 2023) (*quoting United States v. Anderson*, 741 F.3d 938,

21  951-52 (9th Cir. 2013)).

22

23

*DEFENDANT'S MEMO RE: RESTITUTION – 2*
<u>*(United States v. Ryan*</u>, No. CR24-00213-JNW)

**Allen, Hansen, Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

Mr. Ryan readily acknowledges his obligation to pay restitution to the primary victim of this crime, and he has made preliminary payments before his sentencing hearing.  Mr. Ryan has no objection to the Government's request as set forth in the United States' Brief Regarding Restitution.  *See Dkt. 51* (requesting a total award of $830,605.66).   Consistent with the Government's supporting evidence, a portion of this total amount – $265,160 – is owed to an insurance company that made payments directly to the primary victim for this same loss.  That restitution amount must be paid directly to the insurance company, "but the restitution order shall provide that all restitution . . . be paid to the victims before any restitution is paid to such a provider of compensation."  18 U.S.C. § 3664(j)(1).

Like the Government, Mr. Ryan respectfully submits there is no legal basis for the additional restitution amounts requested by the primary victim.  *See Dkt. 54.*  It is undisputed that Mr. Ryan worked as a temporary employee at the primary victim's office during 2014 and 2015.  Following a comprehensive review of all available evidence regarding Mr. Ryan and his employment, the Government saw no basis to claim Ms. McAfee-Ryan may have inflated Mr. Ryan's wages during 2014 or 2015.  It is also important to emphasize the charged offense is limited to the period between 2016 and 2023.  *See Dkt. 1; Dkt. 17.*  As such, consistent with the MVRA, the primary victim's losses are limited to the actual *and* proximate cause of the offense conduct.  These claims regarding purported losses from 2014 and 2015 are outside the scope of the offense.

Likewise, Mr. Ryan should not be ordered to reimburse the primary victim for legal work completed by attorney Marc Stern.  The Government has not included this request as part

*DEFENDANT'S MEMO RE: RESTITUTION – 3*
*(United States v. Ryan, No. CR24-00213-JNW)*

**Allen, Hansen, Maybrown
& Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

of the restitution award because there is insufficient support to claim these attorney fees were the proximate cause of the offense conduct.[1]

It is equally clear there is no legal support for the additional restitution requested by the other dentist who was hired to work at the primary victim's office in 2020.[2] Not only are the other dentist's claims unrelated to the offense conduct in the case, but it should be clear Mr. Ryan had no involvement in the payments described by this other dentist.

## **CONCLUSION**

As requested by the Government, and consistent with the parties' agreements, this Court should award total restitution in the amount of $830,605.66. Mr. Ryan should receive credit for all payments made – including his initial payment of $88,545.75 as well as any payments made by Ms. McAffee-Ryan – to satisfy this restitution obligation.

DATED: May 27, 2024                Respectfully submitted,


                                   /s/Todd Maybrown
                                   TODD MAYBROWN
                                   Allen, Hansen, Maybrown & Offenbecher, PS
                                   600 University Street, Suite 3020
                                   Seattle, WA 98101
                                   Email: todd@ahmlawyers.com
                                   Telephone: (206) 447-9681

---

[1] Notably, Attorney Stern's invoice is generic and includes little more than references to unspecified "email(s)" and "telephone conference(s)." So it remains unclear how any of this legal work would relate to Mr. Ryan or the charged offense. In addition, Attorney Stern's invoice documents payments for "recording fees" which clearly have no connection to the offense conduct.

[2] The defense understands this other dentist's restitution claim has been submitted to the Court by a representative of the United States Attorneys Office.

*DEFENDANT'S MEMO RE: RESTITUTION – 4*
*(United States v. Ryan, No. CR24-00213-JNW)*

1

2

CERTIFICATE OF SERVICE

3

I hereby certify that on May 27, 2025, I electronically filed the above document with

4

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

5

all attorneys of record.

6

DATED at Seattle, Washington this 27th day of May, 2025.

7

8

/s/ Alexandra Rosenthal
Alexandra Rosenthal, Legal Assistant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

*DEFENDANT'S MEMO RE: RESTITUTION – 5*
*(United States v. Ryan, No. CR24-00213-JNW)*